**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

vs.                                                                                              **NO. 1:09CR139**

**KERMIT OMAR ROGERS**

**ORDER**

This cause comes before the court on the motion of defendant Kermit Omar Rogers to suppress evidence which, he contends, was unlawfully obtained in this case. The government has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is not well taken and should be denied.

On June 17, 2009, law enforcement agents executed a search warrant at defendant's residence, located at 320 CR 401 in Lee County Mississippi. During this search, agents discovered approximately 190 grams of crack cocaine in a recliner inside the residence as well as in a red truck owned by the defendant and parked near his house. Defendant was placed under arrest, whereupon he admitted that the substance found was in fact crack cocaine and that it belonged to him. Agents did not limit their search to defendant's 320 CR 401 residence; they also searched a nearby building at 320A CR 401, which defendant describes as a "shop building." All parties agree that this building does not belong to defendant, but rather to Terrence Rogers. Plaintiff asserts in his motion that "the shop building located as 320A CR 401, Shannon, Mississippi, was not an extension of the residence located at 320 CR 401, Shannon, Mississippi; but rather, was a separate property with a clearly marked and displayed separate address."

In the court's view, the fact that agents erred in searching 320A is of no moment since no drugs were found inside that building. Defendant's motion to suppress is based on the fact that some drugs were found in the red truck which, he contends, was parked in front of the shop building. The government disputes this characterization of the truck's location, arguing that it was actually parked outside of defendant's residence:

> Agents found two separate quantities of crack cocaine. The first amount of crack cocaine was found in the cushion of a recliner located in a bedroom inside the defendant's house located at 320 CR 401, Shannon, Lee County, Mississippi. In addition, officers found a larger amount of crack cocaine inside a red truck parked outside the residence. The keys to this truck were found to be in the defendant's pocket and the defendant claimed ownership of the vehicle. Law enforcement officers were perfectly justified in their search of the defendant's vehicle as the language of the search warrant included "all vehicles...on the property." The red truck belonging to the defendant was found parked in the back of the residence located at 320 CR 401.

To the extent that the facts in this case are disputed, this dispute turns largely upon the rather nebulous issue of whether a vehicle parked outside of two buildings located in close proximity to each other is "outside of" one building or the other. Regardless of how this fact issue might be resolved in this case, the court seriously doubts that the answer would be of constitutional significance.

Even assuming that defendant made the rather unusual decision to park his own vehicle on someone else's property, he cites no authority suggesting that he could thereby immunize that vehicle from search by officers acting in good faith reliance upon a search warrant. For its part, the government correctly notes that "[i]ssuance of a warrant by a magistrate normally suffices to establish good faith on the part of law enforcement who conduct a search pursuant to the warrant." *United States v. Pena-Rodriguez*, 110 F.3d at 1130, quoting *United States v. Craig*, 861

F.2d 818, 821 (5th Cir. 1988). Indeed, at the time officers searched defendant's vehicle, they had already uncovered crack cocaine in his residence, which seemingly gave them probable cause to search his vehicle, even without a search warrant.

Even assuming that a search warrant was still required at the time defendant's truck was searched, the court concludes that officers were entitled to assume that defendant's own vehicle parked in close proximity to his house was parked on his own property. Defendant seeks to, in effect, flip the law on its head by arguing that he should have a *greater* expectation of privacy based on the fact that (according to him) he parked his truck on someone else's property. In reality, however, the opposite is true. The legal issues in this case appear to result from a quirk in defendant's parking habits, but the court concludes that this quirk is of no constitutional significance, and defendant's motion to suppress is due to be denied.

It is therefore ordered that defendant's motion to suppress is denied.

SO ORDERED, this the 30th day of March, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**